UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC BURKETT,
        Petitioner,

No. 1:06-cv-661

-v-

HONORABLE PAUL L. MALONEY

CINDI CURTAIN,
        Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

Eric Burkett, a prisoner under the control of the Michigan Department of Corrections (MDOC), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Burkett (Petitioner) was convicted of first degree home invasion and first degree criminal sexual assault. Petitioner appealed and his convictions were affirmed by the Michigan Court of Appeals. The Michigan Supreme Court denied Petitioner's leave to appeal. Three claims are raised in his petition to this court. The magistrate judge issued a report (Dkt. No. 37) recommending the petition be denied. Petitioner, through counsel, filed objections.[1] (Dkt. No. 38.)

STANDARD OF REVIEW

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has ten days to file written objections to the proposed findings and recommendations.[2] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those

---

[1]The initial petition was filed by Petitioner, acting *pro se*. Counsel filed an appearance on Petitioner's behalf four months later. Counsel, with leave of the court, filed a supplemental brief in support of the petition. (Dkt. No. 11.)

[2]The rule has since been amended to allow for fourteen days to file objections. The objections were timely filed under the version of the rule then in effect.

objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide *de novo* review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984; *see also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

ANALYSIS

Petitioner's objection includes five numbered paragraphs. The first four numbered paragraphs relate to the portion of the report and recommendation in which the magistrate judge discusses the first claim, the admission of Petitioner's statement to Officer Pence. The first four numbered paragraphs consist of propositions of law, followed by legal citations. Petitioner does not discuss any of the facts of his case or any of the facts outlined in the report and recommendation.

> A. ADMISSION OF INVOLUNTARY STATEMENT

A review of the case history is necessary at this point. Ultimately, statements Petitioner made to Officer Pence while at the hospital were admitted at trial. Prior to trial, a motion to suppress was heard. The issue raised was whether Petitioner's statements made to Officer Pence at the hospital were voluntary, <u>not</u> whether Officer Pence's questions were a violation of Petitioner's right to remain silent under *Miranda v. Arizona*, 384 U.S. 436 (1966). Officer Pence testified at the hearing that,

after reading Petitioner his rights, Petitioner waived those rights and chose to speak with him.[3] (Hrg. Tr. Nov. 24, 2003 at 40.) Officer Pence also testified that had Petitioner said Petitioner did not want to talk to him, he would not have asked Petitioner any questions. (*Id.* at 46 and 49.) Petitioner's testimony differed from Officer Pence's testimony. Petitioner testified that after Officer Pence read him his *Miranda* rights, "I told him I understood, I had nothing to say to him. I already had my rights read by the Battle Creek officers on my book in, I told them the same thing that I had nothing to say." (*Id.* at 54.) Both Officer Pence and Petitioner testified that Officer Pence asked Petitioner questions after the *Miranda* rights were read. (*Id.* at 39-40, 54-55.) The trial judge, when considering whether the Petitioner's subsequent answers were made voluntarily, found credible Petitioner's testimony that he did not want to answer any questions.[4] (*Id.* at 64.) The judge also found that Petitioner opted to answer the questions posed anyway. (*Id.*)

The issue was presented to the Michigan Court of Appeals and the Michigan Supreme Court as whether Petitioner's answers to Officer Pence's questions were made voluntarily. (Petitioner's

---

[3]The hearing transcript reads as follows:
Q. Did you advise him of his right to remain silent if he chose to?
A. Yes
Q. Did you advise him of any other rights pursuant to Miranda?
A. I advised him of his Miranda rights from the Miranda card that we carry.
Q. Okay. And did the defendant acknowledge or understand indicate [sic] that he understood those rights?
A. Yes.
Q. The defendant waive [sic] those, choose to speak with you?
A. Yes.
(Hrg. Tr. Nov. 24, 2003 at 40.) Officer Pence offered no additional information or details about the waiver.

[4]The trial judge stated "I think there probably is some credence to Mr. Burkett's recollection of what occurred and what was said and what was not said.
But the point of it is spite of saying well, I don't want to answer questions, apparently Mr. Burkett continued to answer questions." (Hrg. Tr. Nov. 24, 2003 at 64.)

3

Brief on Appeal to Michigan Court of Appeals at 13-18; Petitioner's Application for Leave to Appeal Court of Appeal's Decision at 19-23.) The Michigan Court of Appeals deferred to the trial court's finding of fact on whether Petitioner waived his right to remain silent. *State of Michigan v. Burkett*, No. 254996 (Mich. Ct. App. Sept. 29, 2005) (unpublished opinion) (per curiam). The appellate court stated "[t]he trial court found that despite apparently asserting his right to remain silent, defendant did answer questions. . . . The trial court's finding that even if defendant stated that he did not want to talk, he did so anyway without compulsion from the police, was not clearly erroneous." *Id.* at 4.

The magistrate judge concludes, although Petitioner's statement should not have been admitted, the error was harmless. The magistrate judge analyzed the statement as a *Miranda* violation, rather than an admission of an involuntary statement. After being read his rights, the trial court found, and the appellate court agreed, that Petitioner asserted his right to remain silent by informing Officer Pence that he had nothing to say to him. Once a suspect invokes his right to remain silent, all interrogation must stop, unless the suspect initiates further discussion and questioning. *United States v. Favors*, 75 F.App'x 377, 381 (6th Cir. 2003). "A suspect initiates further questioning when, without influence by the authorities, he shows a willingness and a desire to talk generally about the case." *Id.* at 382 (citing *United States v. Whaley*, 13 F.3d 963 (6th Cir. 1994)). Petitioner's statement that he had nothing to say to Officer Pence was sufficiently clear that a reasonable officer would perceive it as an assertion of the right to remain silent. *See Franklin v. Bradshaw*, 545 F.3d 409, 414 (6th Cir. 2008). Under the facts found by the trial court, Officer Pence should not have continued to question Petitioner after Petitioner asserted his right to remain silent.

    1. OBJECTION 1 - HARMLESS ERROR

Petitioner's first objection relates to the magistrate judge's conclusion that the admission of Petitioner's statement to Officer Pence was harmless. Petitioner's objection is OVERRULED. For the purpose of this issue, the court has reviewed the record *de novo*. The Government, not Petitioner, bears the burden of showing that an error was harmless. *Jaradat v. Williams*, 591 F.3d 863, 869 (6th Cir. 2010) (citing *Ruelas v. Wolfenburger*, 580 F.3d 403, 413 (6th Cir. 2009) (citing *O'Neal v. McAninch*, 513 U.S. 432, 436 (1995))); *Gray v. Moore*, 520 F.3d 616, 626 n. 2 (6th Cir. 2008) In the report, the magistrate judge explains why the statement at issue was harmless. Petitioner has not offered any contrary analysis. The court finds the magistrate judge's analysis of the facts accurate and the application of the legal standards persuasive. Petitioner's objection on this issue consists of a single sentence describing the standard for finding an error harmless, four citations with descriptions of the holdings, and a conclusory assertion that the magistrate judge erred. Petitioner offers no explanation why the magistrate judge erred in concluding the error what harmless or why the error at the trial level was not harmless. Petitioner's objection offers nothing to undermine the conclusion in the report.

2. OBJECTIONS 2 THROUGH 4 - VOLUNTARINESS OF THE CONFESSION

The magistrate judge concludes the issue of Petitioner's statement was properly analyzed as a *Miranda* violation, rather than as a "voluntariness" issue. (R&R at 24.) The magistrate judge concludes the trial court's decision not to suppress Petitioner's statement was contrary to clearly established federal law. (R&R at 36-37.) The magistrate judge also concludes the appellate court's decision upholding the trial court's decision was contrary to clearly established federal law. (R&R at 37.) As indicated earlier, the magistrate judge found the error harmless.

Petitioner's objections are OVERRULED. Petitioner's second, third, and fourth objections

lack the required specificity for this court to review any portion of the record *de novo*. In his second, third, and fourth objections, Petitioner identifies legal standards for analyzing whether a statement was made voluntarily.[5] Nowhere in the objection does Petitioner identify the portion of the report to which objections two, three, and four apply. Petitioner makes no attempt, whatsoever, to apply the legal standards to any facts.

Although this court need not assess the merits of Petitioner's claim that his statement was not voluntary, the court will endeavor to address the claim nonetheless. Whether a confession was involuntary and whether a *Miranda* waiver was made knowingly and intelligently are distinct questions. *Smith v. Mitchell*, 567 F.3d 246, 257 (6th Cir. 2009) (citing *Clark v. Mitchell*, 425 F.3d 270, 283 (6th Cir. 2005) (holding that "claims regarding *Miranda* waivers must demonstrate not only that the confession was voluntary but also that the confession was knowing and intelligent.")). Accepting Petitioner's propositions of law, under the totality of the circumstances, Petitioner's statements were not the result of coercion or an improper inducement such that his will was overborne. *See Ledbetter v. Edwards*, 35 F.3d 1062, 1067 (6th Cir. 1994). Petitioner was arrested at 2:00 p.m. The statements at issue were made to Officer Pence between 9:30 and 10:30 p.m. Although the water was turned off in Petitioner's cell, when he asked for water at the hospital, Petitioner was allowed to drink from a fountain and was given a bottle of water. Petitioner was not given the 4:00 p.m. meal. Federal courts have found such circumstances do not render statements involuntary. *See Connolly v. Sisto*, No. C 08-2797, 2010 WL 1221795, at * 14 (N.D. Cal. Mar. 24, 2010) (finding statements made were not rendered involuntary due to coercion when the defendant

---

[5]Petitioner's fourth objection consists of nine citations which, according to the descriptions of the relevant holding in the opinions, concern whether the government's conduct should be considered coercive.

was handcuffed for two hours prior to the interrogation and water and facilities were denied during for the first three hours of the interrogation). Furthermore, none of the other considerations weigh in Petitioner's favor. The record does not indicate Petitioner was subjected to a lengthy interrogation, was deprived of sleep, was harassed or threatened or promised something. Petitioner has not alleged his age, education, intelligence, or experience with law enforcement weigh in his favor. Under the totality of the circumstances, Petitioner's statement was voluntary.

The portion of the report addressing the admission of Petitioner's statement, with the exception of the party bearing the burden of proof on whether an error is harmless, is ADOPTED as the opinion of the court.

B. EXPERT TESTIMONY

Petitioner advances several claims regarding the expert testimony given at his trial. With regard to Petitioner's argument that the trial judge failed to provide a modified instruction to the jury, the magistrate judge concludes the claim cannot provide the basis for federal habeas relief because the jury instructions, taken as a whole, did not render the entire trial fundamentally unfair. Petitioner objects to this conclusion.[6] Although Petitioner's objection on this issue is not a model of clarity, Petitioner argues the failure to provide the modified instruction made the expert's testimony not relevant, even though the jury was allowed to consider the evidence.

Petitioner's objection is OVERRULED. The court has reviewed the record on this issue *de novo*. The jury was given a cautionary instruction about the expert's testimony. The expert's testimony was relevant to the charges alleged against Petitioner. Petitioner has not identified any factual errors in the magistrate judge's analysis of the issue. Both the magistrate judge and the state

---

[6]Petitioner does not object to the magistrate judge's conclusions with regard to Petitioner's other claims about the expert witness.

court of appeals scrutinized the testimony of the expert and neither court found the expert to have included improper opinions. Although the modified instruction may have been helpful, the cautionary instruction that was given was sufficient and the failure to give the modified instruction did not render the trial unfair.

The portion of the report addressing the expert witness testimony is ADOPTED as the opinion of the court.

### C. SENTENCING GUIDELINES

The magistrate judge concludes the sentence does not violate *Blakely*. Petitioner has not filed an objection to this conclusion. Accordingly, this portion of the report is ADOPTED as the opinion of the court.

CONCLUSION

Petitioner is not entitled to the relief requested. The admission, at trial, of his statement to Officer Pence violated *Miranda*, but was harmless. The statement was made voluntarily. The trial court's decision not to give the jury a modified instruction regarding the expert witness did not render the trial unfair. Petitioner has not objected to the conclusion that his sentence did not violate *Blakely*.

### CERTIFICATE OF APPEALABILITY

A district court must issue a certificate of appealability either at the time the petition for writ of habeas corpus is denied or upon the filing of a notice of appeal. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (per curiam). A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2). *See Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). To satisfy this standard, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)). Courts should undertake an individualized determination of each claim presented by the petitioner when considering whether to issue a certificate of appealability. *Murphy v. Ohio*, 551 F.3d 485, 492 (6th Cir. 2009). Having reviewed the petition for the purpose of issuing a certificate of appealability, the court concludes reasonable jurists would not disagree with the manner in which the claims were disposed. The admission of Petitioner's statement at trial was harmless error. The failure to include a modified instruction about the expert witness did not render the trial unfair, at least in part because a cautionary instruction was given.

## ORDER

For the reasons provided in the accompanying opinion, **IT IS HEREBY ORDERED:**

1. The report and recommendation (Dkt. No. 37) is **ADOPTED** as the opinion of the court.

2. The petition for writ of habeas corpus is **DENIED.**

3. A certificate of appealability is **DENIED.**


Date:  July 12, 2010              /s/ Paul L. Maloney
                                  Paul L. Maloney
                                  Chief United States District Judge